## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 17 2017, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

John W. Mervilde
Rick D. Meils
Neil A. Davis
Meils Thompson Dietz & Berish
Indianapolis, Indiana

ATTORNEY FOR AMICI CURIAE

Bryce H. Bennett, Jr.
Elizabeth C. Green
Riley Bennett Egloff LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
SECURA INSURANCE

Kyle A. Lansberry
Michael R. Giordano
Lewis Wagner, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
DAVENPORT MASONRY

Mark D. Gerth
Nicholas W. Levi
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Wilhelm Construction, Inc. and J.C. Ripberger Construction Corporation,

*Appellants/Defendants/Third-Party*

*Plaintiffs,*

v.

August 17, 2017

Court of Appeals Case No.
49A02-1604-CT-811

Appeal from the Marion Superior Court

The Honorable David J. Dreyer, Judge

Trial Court Cause No.
49D10-1212-CT-46372

Secura Insurance, a Mutual
Company and Davenport
Masonry, Inc.,

*Appellees/Third-Party Defendants.*

**Bradford, Judge.**

On May 24, 2017, in an unpublished memorandum decision, we affirmed the trial court's decision in favor of Appellees/Third Party Defendants Secura Insurance, a Mutual Company and Davenport Masonry, Inc.

Appellants/Defendants/Third-Party Plaintiffs Wilhelm Construction, Inc. and J.C. Ripberger Construction Corp. ("Appellants") now petition for rehearing. In petitioning for rehearing, Appellants raise the following three claims: (1) "Did the Court's conclusion that vicarious liability via a non-delegable duty constitutes 'sole negligence' under the Anti-Indemnity Statute significantly depart from decades of Indiana precedent," (2) "Is the Davenport Contract's requirement that Davenport provide insurance to Wilhelm and Ripberger distinct from whether Davenport owed indemnity, such that the Court should have addressed the agreement to insure even in light of its decision on indemnity," and (3) "Is the Court's characterization of the trial court's order as having found that Wilhelm and/or Ripberger breached a duty to underlying plaintiff Mark Rhone consistent with the trial court's order[.]" Appellants'

Petition for Rehearing, p. 4. Because we find that the first and third claims levied by the Appellants simply reiterate arguments that were disposed of in our original memorandum decision, we do not deem it necessary to discuss them further and hereby deny Appellants' request for rehearing on these issues.

[3] As for the second claim, Appellants argue on rehearing that this court failed to rule on the question of whether the Appellants qualified as "Additional Insureds" under the Secura Policy. Because our Memorandum Decision handed down on May 24, 2017, did not include a conclusion on this issue, we grant rehearing for the limited purpose of explicitly stating that we affirm the trial court's determinations that (1) Wilhelm did not qualify as an additional insured under the additional insured provision of the Secura Policy and (2) Secura does not owe a defense and indemnity to Ripberger because Ripberger failed to satisfy the conditions precedent to coverage as set forth in the Secura Policy.

Najam, J, and Bailey, J., concur.